UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MD MAHFUZUR RAHMAN,<br><br>                    Petitioner,<br><br>v.<br><br>KRISTI NOEM, Secretary of the Department of Homeland Security; PAMELA JO BONDI, Attorney General; TODD M. LYONS, Acting Director, Immigration and Customs Enforcement; JESUS ROCHA, Acting Field Office Director, San Diego Field Office; CHRISTOPHER LAROSE, Warden at Otay Mesa Detention Center,<br><br>                    Respondents. | Case No.: 26-CV-88 TWR (JLB)<br><br>**ORDER (1) GRANTING MOTION TO FILE DOCUMENTS UNDER SEAL, (2) REQUIRING RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS, AND (3) SETTING HEARING**<br><br>(ECF Nos. 1, 2) |

Presently before the Court are Petitioner Md Mahafuzur Rahman's Petition for Writ of Habeas Corpus ("Pet.," ECF No. 1), filed pursuant to 28 U.S.C. § 2241, and Motion to File Documents Under Seal ("Mot.," ECF No. 2).

The Court first addresses Petitioner's Motion, through which he seeks to file under seal his own Declaration in support of his Petition. (*See* Mot.; *see also* ECF No. 3 (lodged sealed document).)  The Court "start[s] with a strong presumption in favor of access to court records." *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th

| | |
|---|---|
| 1 | Cir. 2016) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. |
| 2 | 2003)).  "[A] party seeking to seal a judicial record then bears the burden of overcoming |
| 3 | this strong presumption."  *See id.* (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 |
| 4 | F.3d 1172, 1178 (9th Cir. 2006)).  The relevant standard depends "on whether the motion |
| 5 | at issue is more than tangentially related to the underlying cause of action." *See id.* at 1099; |
| 6 | *see also id.* at 1101.  Where the underlying motion is more than tangentially related to the |
| 7 | merits of the case, the movant must meet the more stringent "compelling reasons" standard, |
| 8 | meaning he or she must "articulate[] compelling reasons supported by specific factual |
| 9 | findings[.]"  *Kamakana*, 447 F.3d at 1178 (first alteration in original) (quoting *Folz*, 331 |
| 10 | F.3d at 1135).  "In general, 'compelling reasons' sufficient to outweigh the public's interest |
| 11 | in disclosure and justify sealing court records exist when such 'court files might have |
| 12 | become a vehicle for improper purposes,' such as the use of records to gratify private spite, |
| 13 | promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (quoting |
| 14 | *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).  Where, on the other hand, |
| 15 | the underlying motion does not surpass the tangential relevance threshold, "a party need |
| 16 | only satisfy the less exacting 'good cause' standard." *See Ctr. for Auto Safety*, 809 F.3d at |
| 17 | 1097 (quoting *Foltz*, 331 F.3d at 1135). |
| 18 | Here, Petitioner's Declaration "contain[s] extensive information filed in support of |
| 19 | the substance of Mr. Rahman's applications for asylum and withholding of removal, which |
| 20 | is extremely private and regularly filed under seal as a matter of case law and statute." (*See* |
| 21 | Mot. at 1–2 (citing *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1096 (E.D. Cal. Mar. 3, 2025)).) |
| 22 | Under either the good cause or compelling reasons standard, the Court concludes that |
| 23 | Petitioner has met his burden. *See, e.g.*, *Doe*, 787 F. Supp. 3d at 1096 ("[A]ny information |
| 24 | related to Petitioner's asylum application shall be filed under seal due to its potential to |
| 25 | identify Petitioner and the sensitive nature of the allegations."); *Andres-Lucas v. Mayorkas*, |
| 26 | No. 3:21-CV-01121-BEN-WVG, 2021 WL 3929686, at *4 (S.D. Cal. Sept. 2, 2021) |
| 27 | ("Given other district courts have lodged under seal the type of documents at issue here as |
| 28 | well as the confidential and privileged nature of the records involved, compelling reasons |

exist for the Court to exercise its discretion and inherent authority to similarly lodge these materials without redactions under seal."). The Court therefore **GRANTS** Petitioner's Motion. Accordingly, the Clerk of Court **SHALL FILE UNDER SEAL** Petitioner's Declaration, which was lodged under seal at ECF No. 3.

As for the Petition, upon review, the Court concludes that summary dismissal is unwarranted at this time. *See Kourteva v. INS*, 151 F. Supp. 2d 1126, 1128 (N.D. Cal. 2001) ("Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false." (citing *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990)). Accordingly, the Court **ORDERS** Respondents Kristi Noem, Secretary of the Department of Homeland Security; Pamela Jo Bondi, Attorney General; Todd M. Lyons, Acting Director, Immigration and Customs Enforcement; Jesus Rocha, Acting Field Office Director, San Diego Field Office; and Christopher LaRose, Warden at Otay Mesa Detention Center, **TO SHOW CAUSE** why the Petition should not be granted by filing a written response no later than 5:00 p.m. PST on Thursday, January 15, 2026. Petitioner **SHALL SERVE** on Respondents copies of the Petition, Petitioner's Declaration, and this Order as soon as practicable and **SHALL FILE** proof of such service no later than 10:00 a.m. PST on Monday, January 12, 2026. Additionally, the Court **SETS** an Order to Show Cause Hearing for Thursday, January 22, 2026, at 1:30 p.m. in Courtroom 14A.

**IT IS SO ORDERED.**

Dated: January 9, 2026

Honorable Todd W. Robinson
United States District Judge